**DMP CORPORATION, Plaintiff,**

v.

**FRUEHAUF CORPORATION, Defendant.**

**No. C–C–85–285–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

Sept. 18, 1985.

David A. White, Benjamin A. Johnson, Roddey, Carpenter & White, Rock Hill, S.C., and John E. Hodge, Jr., Tucker, Hicks, Moon, Hodge & Cranford, Charlotte, N.C., for plaintiff.

Ernest S. DeLaney, Delaney, Millette & McKnight, Charlotte, N.C., for defendant.

### ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on motion of the Defendant to transfer this action to the Western District of Pennsyl-

vania pursuant to 28 U.S.C. § 1404(a). The Court heard arguments of parties' counsel in open court on September 10, 1985. Defendant was represented by Ernest S. DeLaney, Attorney at Law. Plaintiff was represented by Benjamin A. Johnson, Attorney at Law.

The facts of this case have to do with a waste water treatment system which Plaintiff sold to Defendant for use at Defendant's plant site in Pennsylvania. The Defendant is in the business of manufacturing over-the-road trailers; cleaning trailer bodies is necessary to that process.

To comply with state environmental regulations, Defendant contracted with Plaintiff for the design and construction of a waste water treatment system. A substantial part of the contract performance occurred at Defendant's plant site in Pennsylvania. Upon its installation, the system allegedly failed to perform according to the contract specifications. Defendant notified Plaintiff of the problems, but a dispute arose as to who bore responsibility. Defendant later notified the Plaintiff that another entity would be retained to handle the waste water system and that Defendant would hold Plaintiff responsible.

Plaintiff then initiated this lawsuit for the balance of the purchase price of the waste water treatment system. Defendant counterclaimed and moved to have the case transferred from the Western District of North Carolina to the Western District of Pennsylvania.

The question, therefore, before this Court is whether transfer is necessary for the convenience of the parties and witnesses, and further, that it is in the interests of justice to do so pursuant to 28 U.S.C. § 1404(a)?

The burden of establishing that the action should be transferred is on the Movant who must make out a clear or strong case by showing more than a bare balance of convenience in his favor and that a transfer does more than merely shift the inconvenience. 1 *Moore's Federal Practice* ¶ 0.145[5]; *See, also; Milliken & Co. v. F.T.C.*, 565 F.Supp. 511 (D.C.S.C.1983);

Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3848 (1976).

> Interests to be considered are: (1) plaintiff's initial choice; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (4) possibility of premises of view, if appropriate; (5) enforceability of a judgment if one is obtained; (6) relative advantages and obstacles to a fair trial and all other practical problems that make trial easy and inexpensive; (7) administrative difficulties of court congestion; (8) local interests in having localized controversies settled at home; and (9) avoidance of unnecessary problems with conflict of laws.

1 *Moores Federal Practice, supra.*

In the instant action, Defendant argues that the case should be transferred for several reasons. The waste treatment facility which is the subject of this lawsuit is located at Defendant's Pennsylvania plant site. The negotiations between the parties for this contract took place in Pennsylvania. The waste treatment facility was designed to meet environmental standards set by the Pennsylvania Department of Environmental Resources.

Further, the Defendant contends that the Pennsylvania forum has a greater interest in settling localized disputes there. Defendant contends that Pennsylvania law will control the legal issues at trial. In addition, Defendant asserts that the case should be transferred because its witnesses are in Pennsylvania and by not having the opportunity to present live testimony, the Defendant would be prejudiced at a trial in this forum, which the Plaintiff has chosen for its attorneys' convenience.

Although this Court recognizes that venue would also be proper in Pennsylvania and that the convenience interests of the Defendant would be better served there, the Defendant's arguments do not meet the

78

burden of establishing the action should be transferred.

Both parties propose to offer their own local witnesses. Thus, one side must suffer the inconvenience of transporting its witnesses to a distant forum. The Plaintiff's plant, where the waste treatment facility was manufactured, is no more than 20 miles from where this Court sits. Plaintiff's six witnesses either work or live within the same 20-mile radius. The Plaintiff's initial choice of forum is also accorded some weight. Furthermore, the parties agree that the Pennsylvania environmental law involved here consists of engineering principles and standards. Expert testimony will be required regardless of the forum and there is no reason why adequate expert testimony could not as easily be presented here as in Pennsylvania.

The pleadings indicate that formation of the contract was made conditional upon receipt by Plaintiff of Defendant's acceptance, which occurred in South Carolina. Therefore, South Carolina law would apply. In any event, this dispute will require application of the Uniform Commercial Code, the principles and provisions of which are fairly familiar to this Court. While the dispute may involve state environmental regulations, it is essentially a breach of contract action between private parties whose interests can be addressed here as well as in Pennsylvania. This Court sees no local interests of Pennsylvania which require the transfer of this case.

Likewise, the fact that the plant site is in Pennsylvania does not lean towards transfer since there has been no reason offered that the location of the facility would have any significant bearing on the case at trial. Photographs of the facility could provide a jury with the accurate information, in the unlikely event it became necessary.

Therefore, having considered the pleadings and briefs, and having heard arguments, this Court is of the opinion that Defendant's motion to transfer should be *DENIED*.

NOW, THEREFORE, IT IS SO ORDERED.